IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-03472 |
| HOUSTON GRANITE AND MARBLE CENTER, LLC, | § § § § | |
| Defendant. | § | |

**COMPLAINT SEEKING DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff Atlantic Casualty Insurance Company files this Complaint for declaratory judgment and respectfully shows the following to the Court:

**I.
PARTIES**

1. Atlantic Casualty Insurance Company is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. For diversity purposes, Atlantic Casualty is not a Texas or Connecticut citizen.

2. Houston Granite and Marble Center, LLC is a Texas limited liability company whose members are John Sykoudis and Mahavir Irrevocable Trust. Sykoudis is a Texas citizen. Mahavir Irrevocable Trust is a trust entity whose trustees are Pradeep Vishanji Chheda and Masood H. Azad. Chheda is a Connecticut citizen. Azad is a Texas citizen. Because its trustees are Connecticut and Texas citizens, Mahavir Irrevocable Trust is a Connecticut and Texas citizen. And because Sykoudis is a Texas citizen and Mahavir Irrevocable Trust is a Texas and Connecticut citizen, Houston Granite is a Texas and Connecticut citizen. Houston Granite may be served

through its registered agent, John Sykoudis, at 1519 Misty Bend Drive, Katy, Texas 77494 or wherever he may be found. For diversity purposes, none of Houston Granite's members are North Carolina citizens and, hence, Houston Granite is not a North Carolina citizen.

## II.
## JURISDICTION AND VENUE

1.  Atlantic Casualty brings this declaratory-judgment action under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202. This action presents a case or controversy under 28 U.S.C. § 2201(a) because Houston Granite submitted a claim to Atlantic Casualty demanding $83,520 for broken granite or marble slabs.

2.  The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Atlantic Casualty's citizenship is completely diverse from Houston Granite's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.  The Court has personal jurisdiction over Houston Granite because Houston Granite's members are Texas citizens and, hence, it is a Texas citizen.

4.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this declaratory-judgment action occurred in this judicial district.

## III.
## FACTS

**A. Insurance**

5.  On September 19, 2018, Houston Granite submitted a signed insurance application via Essential Insurance Group. In its application, Houston Granite represented its business as a "marble center" that had **not filed for bankruptcy in the preceding 5 years** and had **"no prior loses [sic]" in the preceding 5 years**, among other representations.

6. Relying on Houston Granite's representations in its application, Atlantic Casualty issued policy M0860010990 to Houston Granite for the annual term of September 19, 2018, to September 19, 2019 (the Policy). The Policy lists the insured premises as 9500 Hempstead Highway, Houston, Texas 77092.

### B. Houston Granite's Reported Loss

7. This coverage action arises out of a loss that reportedly occurred on or about December 2, 2018.

8. Houston Granite, via Essential Insurance Group, submitted a claim on December 7, 2018, for a loss regarding broken granite or marble slabs, labeling the loss as "Vandalism." Houston Granite stated in its claim notice: "Come in the morning to open and All slabs where [sic] vandalized." Atlantic Casualty received Houston Granite's claim notice on December 10, 2018.

9. On December 13, 2018, Atlantic Casualty wrote Houston Granite to communicate that Atlantic Casualty had not been able to reach Houston Granite by telephone to discuss the claim or request copies of the police report, photographs of damage, and repair estimates.

10. On December 31, 2018, Atlantic Casualty retained Cross Claims Services, an independent adjuster, to investigate Houston Granite's claim. Cross Claims Services scheduled a meeting with Houston Granite for January 7, 2019, to inspect the damaged slabs. On January 7, Sykoudis left a voicemail for Cross Claim Services' adjuster to say that he would not make the inspection—he later stated that he was at the hospital.

11. Cross Claims Services and Houston Granite rescheduled the inspection for January 21, 2019. During the inspection, Cross Claim Services' adjuster observed broken granite or marble slabs laying on the ground by a broken metal rack with rusted welds and tee-joints. But Cross

Claims Services' adjuster did not observe any sign of forced entry to premises or vandalism, as Houston Granite represented in its claim notice.

12. On March 13, 2019, Houston Granite submitted two invoices to Atlantic Casualty. The first invoice displayed $162,144 for white marble slabs with the notation: "60 slabs ar [sic] broken … 3,480 x $24 = $83,520." The second invoice displayed $29,361.39 for quartzite with the notation: "4 slabs ar [sic] broken … 60 x 4 = 240 x 10.95 = $2,628." The apparent value of the broken granite and marble totaled $86,148. Houston Granite also communicated that it had reported the incident to the police.

13. On March 17, 2019, Cross Claims Service ended its investigation of Houston Granite's claim and reported that Houston Granite had failed to submit information repeatedly requested, such as purchase receipts for the broken slabs and a police report.

14. Thereafter, Atlantic Casualty continued its own investigation into Houston Granite's claim and discovered that Houston Granite misrepresented its bankruptcy and loss histories in its insurance application.

15. Contrary to its representations, Houston Granite had previously submitted insurance claims for losses at its 9500 Hempstead Highway, Houston, Texas, address, including but not limited to a theft claim in January 2015 and wind-damage claim in August 2017. Houston Granite had also filed for Chapter 11 bankruptcy in April 2017.

16. On June 26, 2019, Atlantic Casualty, through counsel, sent notice of its intent to void and not be bound by the Policy to Houston Granite due to material misrepresentations in Houston Granite's insurance application and procurement and potential fraud in its reporting of the claim. Atlantic Casualty, through counsel, further cited multiple Policy provisions that potentially barred coverage for Houston Granite's reported loss.

17. On July 11, 2019, Atlantic Casualty sent another notice of its voidance and rescission of the Policy to Houston Granite, enclosing with the notice a check in the amount of Houston Granite's policy premium.

18. On August 23, 2019, Houston Granite, through counsel, wrote Atlantic Casualty to refuse the remittance of its premium and formally demand payment in the amount of $83,520 for its reported loss.

## IV.
## DECLARATORY JUDGMENT

19. Paragraphs 1-18 are incorporated herein by reference.

20. Atlantic Casualty seeks a declaration that it properly voided and rescinded the Policy due to Houston Granite's intentional concealment or misrepresentation of material facts in its insurance application and procurement and reporting of its claim.

21. Alternatively, Atlantic Casualty seeks a declaration that Houston Granite's reported loss is not covered under the Policy and that Atlantic Casualty does not have a duty to indemnify Houston Granite.

22. Atlantic Casualty also seeks a declaration that Houston Granite has breached its duties under the Policy to cooperate with Atlantic Casualty in its investigation of the claim.

**A. The Business and Personal Property Coverage Part is Void**

23. Paragraphs 1-22 are incorporated herein by reference.

24. The Policy provides certain coverage for building and personal property under commercial property form CP 00 10 10 12. Houston Granite's reported loss regarding broken granite or marble slabs relates to this Building and Personal Property Coverage Part.

25. The Commercial Property Conditions declare that the Building and Personal Property Coverage Part is void if Houston Granite commits any fraud with respect to that coverage part or intentionally conceals or misrepresents certain facts:

> **COMMERCIAL PROPERTY CONDITIONS**
>
> This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.
>
> **A. CONCEALMENT, MISREPRESENTATION OR FRAUD**
>
> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This Coverage Part;
> 2. The Covered Property;
> 3. Your interest in the Covered Property; or
> 4. A claim under this Coverage Part.
>
> …
>
> CP 00 90 07 88

26. Houston Granite represented in its insurance application that it had neither filed for bankruptcy nor incurred any claim or loss in the 5 years before September 19, 2018. Both representations were false.

27. Houston Granite filed for Chapter 11 bankruptcy and submitted multiple insurance claims for losses incurred at its insured premises between September 13, 2013, and September 13, 2018.

28. By omitting its bankruptcy and claim histories in its insurance application, Houston Granite intentionally concealed or misrepresented material facts concerning its operations, premises, and business property that were contemplated to be covered under the Policy and Business and Personal Property Coverage Part.

29. Houston Granite further reported that its broken granite or marble slabs were caused by vandalism. But Houston Granite's representation contradicts Atlantic Casualty's investigation

of the loss, which indicated that the slabs' metal stand was weakened by rust and wear-and-tear and lost its structural integrity, causing the slabs to fall and break.

30. Houston Granite's false reporting constitutes fraud or an intentional concealment or misrepresentation of a material fact regarding its claim for reimbursement under the Policy and Business and Personal Property Coverage Part.

31. Because Houston Granite has attempted to defraud Atlantic Casualty or intentionally concealed or misrepresented material facts regarding its operations, premises, and reported loss, the Policy, including the Business and Personal Property Coverage Part, is void.

### B. Losses Caused by Wear and Tear, Rust, and Structural-Integrity Loss are Barred

32. Paragraphs 1-31 are incorporated herein by reference.

33. Although the Policy provides certain coverage for damage to building and personal property, it excludes coverage for damage caused by wear and tear, rust, and loss of structural integrity:

> **CAUSES OF LOSS – SPECIAL FORM**
>
> Words and phrases that appear in quotation marks have special meaning. Refer to Section G. Definitions.
>
> **A. Covered Causes Of Loss**
>
> When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.
>
> **B. Exclusions**
> …
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>    …
>    d. (1) Wear and tear;
>       (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>    …
>    k. Collapse, including any of the following conditions of property or any part of the property:
>       (1) An abrupt falling down or caving in;

> (2) Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or
>
> (3) Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above.
>
> CP 10 30 10 12

34. Atlantic Casualty's investigation of Houston Granite's loss revealed that the broken slabs were caused by or resulted from their metal stand's wear and tear, rust, and loss of structural integrity rather than vandalism, as Houston Granite represented.

35. The Policy's Commercial Property Declarations describe the Covered Causes of Loss as "Special," meaning direct physical loss. But while broken granite and marble slabs may constitute direct physical loss, the foregoing exclusions bar coverage for such loss.

### C. Houston Granite Has Breached Its Contractual Obligations

36. Paragraphs 1-35 are incorporated herein by reference.

37. As an insured under the Policy, Houston Granite must perform certain obligations when it incurs a loss and submits a claim:

> **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section H. Definitions.
> …
> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
> …
> **3. Duties In The Event Of Loss Or Damage**
>
> a. You must see that the following are done in the event of loss or damage to Covered Property:
>
> (1) Notify the police if a law may have been broken.
> …

> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
>
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
>
> Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
> (8) Cooperate with us in the investigation or settlement of the claim.
>
> …
>
> CP 00 10 10 12

38.     After Houston Granite submitted its claim on December 7, 2018, Atlantic Casualty initiated an investigation into Houston Granite's claim. Atlantic Casualty and Cross Claims Services made multiple requests to Houston Granite for copies of a police report and purchase receipts. Houston Granite has failed to comply with those requests. Nor has Houston Granite submitted a signed, sworn proof of loss. Houston Granite's inaction constitutes a breach of its contractual duty to cooperate with Atlantic Casualty's investigation of the claim.

## V.
## CONCLUSION AND PRAYER

39.     Paragraphs 1-38 are incorporated herein by reference.

40.     Atlantic Casualty issued the Policy to Houston Granite to cover certain risks based on Houston Granite's representations in its insurance application. Based on recently discovered information, Houston Granite intentionally concealed or misrepresented material facts in its application regarding its operations, premises, and personal property—facts that would have negatively affected Atlantic Casualty's decision to issue the Policy. Houston Granite's actions render the Policy and Business and Personal Property Coverage Part void.

41. Atlantic Casualty's investigation of the claim also indicated that Houston Granite's loss was not caused by vandalism but rusted joints, wear and tear, and loss of structural integrity on a metal stand, meaning that Houston Granite intentionally concealed or misrepresented material facts regarding its claim or attempted to defraud Atlantic Casualty. Again, Houston Granite's actions render the Policy and Business and Personal Property Coverage Part void.

42. Alternatively, Houston Granite's reported loss is not covered because the slabs' damage was caused by rusted joints, wear and tear, and loss of structural integrity on a metal stand.

43. Finally, Houston Granite has breached its duties under the Policy by failing to submit requested information and cooperate with Atlantic Casualty in the investigation of the claim.

44. For these reasons, Atlantic Casualty asks the Court for:

   a. A declaration that Atlantic Casualty may void or properly voided the Policy based on Houston Granite's intentional concealment or misrepresentation of material facts regarding its operations, premises, and reported loss;

   b. a declaration, in the alternative, that Houston Granite's reported loss is not covered under the Policy and that Atlantic Casualty does not have a duty to indemnify Houston Granite for any damage to its broken slabs;

   c. Court costs; and

   d. All other relief that the Court deems appropriate.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, LLP

*Camille Johnson*

Camille Johnson
State Bar No. 10686600
S.D. Bar No. 16414
6440 N Central Expressway, Suite 107
Dallas, Texas 75206
Tel:  (214) 368-1515
Fax:  (214) 292-9647
camille@ssjmlaw.com

**Counsel for Atlantic Casualty Insurance Company**